*Revised: March 8, 2018*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
          :

Chanel, Inc., a New York Corporation
          :

                Plaintiff(s),    :  No. 24-cv-09038 (RA) (OTW)

          :

        -against-    :  **STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

          :

Taroo Second, Inc., a New York Corporation, et al. :

          :

                Defendant(s).    :

          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.    Counsel for any party may designate any document or information, in whole or in part, as "Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect against improper use by business competitors if disclosed, is proprietary, contains previously nondisclosed information not generally disseminated within the Parties' organizations and only to employees who require access to such information to perform their duties, or otherwise sensitive non-public information. Information and documents designated by a party as Attorneys' Eyes Only will be stamped "ATTORNEYS' EYES ONLY".

3.    The Parties have met and conferred regarding the inclusion of AEO information.

4.    The Confidential or Attorneys' Eyes Only Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5.    In the event a party challenges another party's designation of confidentiality/AEO, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by

the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential/AEO Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential/AEO Information.

6.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a.   The requesting party and counsel, including in-house counsel;

b.  Employees of such counsel assigned to and necessary to assist in the litigation;

c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

e.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

g.  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Order.

7.  No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Attorneys' Eyes Only to any other person, except to:

a.  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

b.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c.  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

2

d.  stenographers engaged to transcribe depositions conducted in this action;

e.  the Court and its support personnel; and

f.  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Attorneys' Eyes Only Information may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation and Order.

8.  Before disclosing or displaying the Confidential/AEO Information to any person, counsel must:

a.  Inform the person of the confidential nature of the information or documents;
b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
c.  Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

9.  The disclosure of a document or information without designating it as "confidential" or "attorneys' eyes only" shall not constitute a waiver of the right to designate such document or information as Confidential or AEO Information. If so designated, the document or information shall thenceforth be treated as Confidential or AEO Information subject to all the terms of this Stipulation and Order.

10.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

11.  Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

12.  Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

3

13.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their

working files on the condition that those files will remain protected.

**SO STIPULATED AND AGREED**.


/s/ Tara A. Currie                                  /s/ Jeff Davis
Tara A. Currie                                         Jeff Davis
*Attorney for Plaintiff*                          *Attorney for Defendants*


Dated:  March 11, 2026                      Dated:  March 12, 2026


**SO ORDERED**.


_____
**Ona T. Wang**
United States Magistrate Judge


Dated:            New York, New York
                    **March 25, 2026**

**<u>Agreement</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential or attorneys' eyes only. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential or "ATTORNEYS' EYES ONLY" are also confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)